UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| QUINCY HUBBARD | ) | |
| | ) | |
| Petitioner, | ) | Case No. 08 C 50105 |
| | ) | (05 CR 50055) |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO
## PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, submits the following response to petitioner's

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255:

### I. PROCEDURAL HISTORY

On June 7, 2005, a federal grand jury returned an indictment charging petitioner in Count

One with possession with intent to distribute 537.4 grams of crack cocaine, in Count Two with

unlawful possession of a firearm by a felon, in Count Three with knowing possession of a firearm

in furtherance of a drug trafficking crime and set forth a forfeiture allegation naming the firearm and

ammunition possessed by defendant. R. 1.[1]  Petitioner was represented before this court by Glen

Jazwiec. On December 30, 2005, defense counsel filed a motion and memorandum of law, to quash

the search warrant and arrest and suppress evidence.  R. 20.  The government filed a response on

January 10, 2006.  R. 21.  The court held a motion hearing on February 10, 2006.  The court heard

argument from defense counsel and the government, and denied the motion.  R. 23.

---

[1]     All citations to documents contained in the record are denoted "R." and followed
by the applicable document number.

On June 15, 2006, petitioner pleaded guilty pursuant to a plea agreement to the charges contained in Counts One and Two of the indictment pursuant to a written plea agreement. R. 34. As part of his plea agreement, petitioner admitted that he possessed with the intent to distribute approximately 537.4 grams of methamphetamine. 6/15/06 Tr. 16. Petitioner further admitted that he possessed a firearm as a convicted felon. 6/15/06 Tr. 16. Petitioner, his attorney, and the Government agreed to all of the Sentencing Guideline calculations contained in petitioner's plea agreement. 6/15/06 Tr. 11.

The Presentence Investigation Report (hereinafter "PSR") calculated petitioner's guideline range as 292 to 365 months. PSR at line 573.

Petitioner did not file any objections to the PSR. Petitioner was sentenced on October 13, 2006. R. 37. At petitioner's sentencing hearing, this court sentenced petitioner to 294 months' imprisonment on Count One and 120 months' imprisonment on Count Two, terms to run concurrently, to a $400.00 fined, to $200.00 in special assessments, and to forfeiture of a firearm and ammunition. R. 38. On the government's motion in accordance with the plea agreement, the court dismissed Count Three of the indictment. R. 38.

The Judgment in a Criminal Case was filed on October 18, 2006. R. 38.

Petitioner filed a timely notice of appeal on October 20, 2006. R. 39. On March 19, 2007, petitioner's appellate counsel, filed a Brief in Support of Motion To Withdraw As Defendant-Appellant's Appointed Appellate Counsel Pursuant to *Anders v. California* and Short Appendix.[2] [R. **]. On June 4, 2007, petitioner filed a Motion For New Counsel. On July 20, 2007, the

---

[2]         On appeal, petitioner was represented by attorney A. Brian Threlkeld.

2

Seventh Circuit Court of Appeals entered an order granting counsel's motion to withdraw, denying petitioner's motion for the appointment of substitute counsel and dismissing his appeal.

## II. DISCUSSION

In his Motion To Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody[3], petitioner argues that a confidential informant ("CI") used in this case was unreliable and that he was denied effective assistance of counsel in the manner in which his suppression motion was litigated. Petitioner's claims about the reliability of the CI and the effectiveness of his attorney lack merit. Further, because petitioner's claim that the CI was unreliable lacks merit, his counsel was not deficient in failing to raise that claim at the suppression hearing.

A.    Petitioner's Claims About the Sufficiency of the Search Warrant Is Barred By the Doctrine of The Law of the Case

Petitioner claims that his counsel was ineffective in "going over the warrant challenging the facts from the affidavit..... and the CI are bogus and acted out of bad faith."   Petitioner makes this argument in an apparent attempt to relitigate this court's suppression ruling.

Under the doctrine of the law of the case, "once the decision of an appellate court establishes 'the law of the case,' it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal...unless: 1) a subsequent trial produces substantially different evidence, 2) controlling authority has since made a contrary decision of law applicable to the issue, or 3) the prior decision was clearly erroneous and would work manifest injustice." *White v. United States*, 371 F.3d 900 (7th Cir. 2004) *citing*, *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999).  This doctrine

---

[3]    Petitioner has failed to file a timely memorandum of law in support of his motion.

is applicable even is forbidden even if it is the first collateral attack from a direct appeal in which an *Anders* brief was filed because:

> [I]t wouldn't make sense to let a prisoner get around this rule by the first filing a section 2255 motion that omits one of the issues presented in his direct appeal and then following it up with a second such application that presents the issue.

*White* at 902.

In his *Anders* brief, petitioner's appellate counsel analyzed the issue of challenging petitioner's conviction but concluded it would be frivolous to do so because he did not seek to withdraw his plea and only wished to challenge his conviction based on this court's adverse suppression ruling. Br.at 22. In addition, petitioner's appellate counsel analyzed this court's denial of his motion to quash search warrant and concluded it would be frivolous to do so because the warrant was facially valid, based on probable cause and the police acted in good faith in executing the warrant. Br. at 29.

In dismissing petitioner's appeal on July 20, 2007, the Seventh Circuit agreed with petitioner's appellate counsel's analysis that the search warrant in this case was issued on the basis of probable cause and that it did not become stale during the time period between its authorization and execution. Order 2-3. The court went on to find that even if the delay in execution of the warrant was significant, it would have been frivolous to challenge this court's alternative ruling that the good faith exception applied. Order 3. Finally, on the issue of the voluntariness of petitioner's plea the court said:

> Counsel also addresses whether Hubbard could challenge the voluntariness of his guilty pleas. But counsel reports that Hubbard wishes to have his pleas vacated only if he succeeds in overturning the adverse suppression ruling. Because counsel correctly concludes that any suppression argument would be frivolous, he properly refrains from addressing other contentions about the guilty pleas.

4

Order 3.

This ruling is the law of the case and therefore prohibits petitioner from relitigating whether the warrant was based on probable cause and whether he voluntarily pleaded guilty in a § 2255 motion.

It is important to note that petitioner has failed to cite any exception to this doctrine that would allow him to relitigate the sufficiency of the search warrant in this case. Petitioner has not cited any relevant evidence that was unavailable to him at the time of the suppression hearing. In addition, he has not cited any change in controlling authority or made any showing that this court's suppression ruling was clearly erroneous and will result in a manifest injustice.

B.    Petitioner Procedurally Defaulted on his Ineffective Assistance of Counsel Claim

Petitioner also vaguely claims that his trial counsel was ineffective for failing to challenge the reliability of the confidential informant ("CI") in this case. However, petitioner is barred from raising this issue in a post-conviction petition when he failed to raise it on direct appeal.

When an issue is not raised on direct appeal, but later attacked collaterally in a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice. *Galbraith v. United States*, 313 F.3d 1001 (7th Cir. 2002).

In his pro se Motion For New Counsel filed with the appellate court, petitioner commented favorably on his trial counsel's performance when he said, "[M]y private attorney, Mr. Glenn Jazwiec, filed the motion and seen merits and truth in the motion. Considering his first duties is to

the courts, I don't believe he would be wasted the courts or his time, if he didn't have a valid argument."

Appellate counsel seemed to consider the possibility of raising this issue by discussing a potential challenge to the voluntariness of petitioner's guilty plea. However, he decided against raising this issue because petitioner only wanted his plea vacated if he was successful in overturning the adverse suppression ruling.

Petitioner has failed to show good cause why he did not raise the issue of trial counsel's alleged ineffective assistance in his direct appeal. Moreover, he has failed to show actual prejudice from the failure to raise this issue on appeal. As will be discussed later, all of the available evidence suggests that petitioner received effective and competent representation from his trial and appellate counsel.

C.    Petitioner's Attorney Was Not Ineffective

Petitioner alleges that his counsel was ineffective in failing to challenge the CI's reliability and in failing to request a discovery hearing. Petitioner's claims that his counsel was ineffective lack merit. "To prevail on a claim of ineffective assistance of counsel, [the defendant] must show that defense counsel's performance was so deficient as to fall below an objective standard of reasonable competence and that the deficient performance prejudiced his defense." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate prejudice, a defendant must show that there is a reasonable probability that the result of the proceeding would have been different without his counsel's ineffective assistance. *United States v. Godwin*, 202 F.3d 969, at 973-74 (7th Cir. 2000) (*citing Strickland*, 466 U.S. at 687-88).

When the court is asked to reevaluate the defendant's intent at the time of the entry of a plea, that reviewing court's ultimate determination of the defendant's state of mind depends, in large part, on what the defendant said during the plea hearing. *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). The record created by the court's questions of a defendant at the time of his plea hearing is accorded a "presumption of verity." *Id.* (*citing Key v. United States,* 806 F.2d 133, 136 (7th Cir.1986)).

The record in this case shows petitioner's plea was voluntary and that he understood the terms of the written plea agreement. At his plea hearing, the petitioner was placed under oath and answered questions regarding the plea agreement. 6/15/06 Tr. 4[4]. At petitioner's change of plea hearing, petitioner informed the court that he discussed his decision to go to trial or plead guilty with his counsel and was satisfied with his counsel's efforts and advice. 6/15/06 Tr. 5-6. Petitioner also informed the court that no one forced him to enter into this plea agreement. 6/15/06 Tr. 7. Finally, defendant agreed with the government's statement of facts and admitted that he committed the crimes for which he was pleading guilty. 6/15/06 Tr. 13, 16.

At his plea hearing and in the plea agreement which petitioner signed, petitioner acknowledged that on March 15, 2005, he possessed with intent to distribute 537.4 grams of cocaine base and was a convicted felon who possessed a firearm that traveled through interstate commerce. 6/15/06. 6/15/06 Tr. 13, 16.

In the instant case, both the Seventh Circuit and petitioner's appellate counsel agree that the search warrant in this case was based on probable cause, the warrant was not stale at the time of its

---

[4] All citations to the transcript of petitioner's plea hearing on June 15, 2006, are denoted "6/15/06 Tr." and followed by the applicable page number(s).

7

execution and that officers who executed this warrant acted in good-faith reliance on the warrant.

Petitioner has not and cannot show that his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence. In addition, petitioner has failed to show that his counsel's alleged deficient performance prejudiced his defense. In his motion, petitioner makes a vague reference to a "discovery hearing." However, he failed to describe what would have been developed in this hearing and how that hearing would have changed the court's adverse suppression ruling. In addition, petitioner makes a vague allegation against his counsel for not cross-examining the CI in this case. Once again, he failed to state what information would have been elicited from this examination and how that examination would have changed the court's adverse suppression ruling.

The gist of petitioner's motion seems to be that the CI was unreliable and may have lied to the police about his dealings with petitioner. However, petitioner has not accused any police officer, including the search warrant affiant, of misconduct. Indeed, petitioner's motion reveals a misunderstanding of the law and does not entitle him to relief. As the Seventh Circuit has recognized, an inquiry under *Franks v. Delaware* "must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). "[T]he fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a *Franks* violation. A *Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." *Quoting*, *United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994).

Based on the foregoing, petitioner cannot demonstrate that further investigation of or challenge to the CI was unreasonable or would have changed the court's adverse suppression ruling.

8

## IV.  CONCLUSION

For the reasons stated above, the United States respectfully requests that this court deny petitioner Hubbard's motion in its entirety without an evidentiary hearing pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____\S_____
MARK T. KARNER
Assistant United States Attorney
308 West State Street - Rm. 300
Rockford, Illinois   61101
(815) 987-4444

## <u>CERTIFICATE OF SERVICE</u>

I, MARK T. KARNER, certify that on July 22, 2008, I caused the foregoing United States' Agreed Motion For a Continuance:  (1) to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division; and (2) a copy to be mailed by first class mail to:

> Quincy Hubbard.
> Inmate #3005-42A
> Federal Correctional Institution
> P.O. Box 1000
> Oxford, Wisconsin 53952

> _____
> MARK KARNER
> Assistant United States Attorney
> 308 West State Street, Suite 300
> Rockford, Illinois 61101
> (815) 987-4444